[No. 4859.  Decided January 5, 1904.]

G. L. GAUDIE, *Respondent,* v. NORTHERN LUMBER CO., *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE—PUSHING CAR OF LUMBER—INJURY TO SERVANT CAUGHT BETWEEN CARS—CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF RISKS—EVIDENCE—QUESTION FOR JURY.  It is for the jury to pass upon questions of negligence, contributory negligence and assumption of risks, where the plaintiff was injured between two cars of lumber by reason

[1]Reported in 74 Pac. 1009.

of projecting sticks while assisting to push a car from the de-
fendant's dry kiln, when it appears that the kiln was dark and
it was difficult to see until after being inside some time, that the
men were required to work rapidly on account of the excessive
heat, and to look carefully where they stepped, that the sticks
were longer than usual and not uniformly piled, and the plaintiff
had not assisted in piling the lumber and would not have been
injured if care had been exercised in piling the same, and the
piling was done under the direction of defendant's foreman.

SAME—PILING LUMBER—FOREMAN A VICE-PRINCIPAL. In such
a case, no question of fellow servants is involved, as the foreman
under whose direction the lumber is piled is a vice-principal,
charged with the master's duty in respect thereto.

SAME — WARNING — EVIDENCE IN REBUTTAL — CONTRADICTING
CROSS-EXAMINATION OF PARTY'S OWN WITNESS. In an action for
personal injuries, where the cross-examination of plaintiff's wit-
ness leaves the impression that plaintiff had been warned of the
danger, it is proper to permit the plaintiff to testify in rebuttal
that he had received no warning.

TRIAL—VERDICT—CONTRIBUTORY NEGLIGENCE—GENERAL VERDICT
WHEN NOT INCONSISTENT WITH SPECIAL FINDING. A general ver-
dict for plaintiff finding that he was not guilty of contributory
negligence in pushing upon a car from the side, is not incon-
sistent with a special finding that he could have avoided the
danger by going in front of or behind the car, since the special
verdict did not find that the danger in working at the side was
known or obvious.

SAME—A special finding must be irreconcilably inconsistent
with the general verdict to warrant setting the latter aside.

Appeal from a judgment of the superior court for Sno-
homish county, Denney, J., entered July 27, 1903, upon
the verdict of a jury rendered in favor of the plaintiff
for $5,000 for personal injuries.    Affirmed.

*Root, Palmer & Brown,* for appellant.

*Robert A. Hulbert,* for respondent.

HADLEY, J.—This is an action for damages for injuries
received by respondent while assisting to move a car of
lumber in the drying kiln of appellant.    Respondent's

regular work was in the lumber yard, but he was occasionally called, together with others, to assist in moving cars in the kiln. The cars were moved by men pulling and pushing them. The number of men called to move these cars varied, sometimes running as high as ten or twelve.

There were two tracks in this apartment of the dry kiln, and upon each of these stood kiln cars loaded with lumber. These tracks ran in a parallel direction, and there was sufficient space between the lumber of the cars on the respective tracks for one to pass safely, if no protruding obstruction interfered with the passage. One end of the kiln was entirely closed, while at the other end was an open space, about nineteen feet wide and nine or ten feet in height. There were no windows, and the only light entering the kiln came through this doorway. The cars upon one track, however, filled the kiln up to the open door, at the time of the accident, the lumber being piled upon the car standing at the door about nine feet in height, leaving about one foot above through which light could enter. Upon the other track no car stood at the door, but the first one was some distance back, thus leaving the entire space across that track—about one-half the width of that apartment of the kiln—open for the admission of light. There was no solid floor of the kiln, and when pushing or pulling a car the men were required to watch where they stepped, in order to avoid stepping upon the heated pipes or through holes leading into the basement below. The temperature of the air in the kiln was usually very high, and the men were required to move the cars quickly, in order to get out to cooler air where they could breathe freely.

At the time the accident happened to respondent, he was called in from the lumber yard to assist in moving

the car which stood back from the door as above described. He passed in between that car and one on the adjoining track, and, stationing himself alongside the car, he began pushing. As the car proceeded, some protruding cross pieces, upon which the lumber was piled, caught respondent in such a manner that he was wedged between them. The movement of the car was stopped by the obstruction, and respondent alleges that he was seriously and permanently injured. It is alleged, that the lumber was piled upon the cars under the direction of appellant's foreman in a negligent and dangerous manner, in that the cross pieces projected into the space between the cars; that the kiln was dark and very hot; and that respondent and the other men were required to work very rapidly, in order to remove the car before they would become exhausted from the heat. Appellant, in its answer, pleads assumption of the risk and contributory negligence on the part of respondent. The cause was tried before a jury, and a verdict was returned against appellant in the sum of $5,000. Appellant's motion for new trial was denied, judgment was entered for the amount of the verdict, and this appeal is from the judgment.

It is first assigned that the court erred in denying appellant's challenge to the sufficiency of the evidence, at the close of respondent's case, and again, after all the evidence was introduced. A careful reading of all the evidence satisfies us that the court did not err in denying the challenge. It was for the jury to say whether the conditions, detailed substantially as above, constituted negligence on the part of appellant, and the question of contributory negligence was also for the jury; since the evidence was certainly not such as could lead to but the one conclusion, in the minds of reasonable men, that respondent was guilty of contributory negligence. It is urged

that respondent could easily have seen the danger from the cross sticks, and that he should not have stopped between the cars to push. There was evidence to the effect, however, that the men were called to come quickly from the yard to the kiln, and that the work had to be done rapidly because of the excessive heat; that, upon coming hurriedly from the outside light, it was difficult to see within the kiln until one had been inside for some time; that, even with the half end open space hereinbefore described, which, in practical effect, admitted all the light which entered the kiln, it was difficult to see when one passed between and behind the cars; that, when pushing or pulling, the men necessarily bent forward, and that they were required to look carefully where they stepped in order to avoid stepping upon the heated pipes or through open spaces leading to the basement.

There was evidence that at least eight or ten men were engaged in moving this car, some of whom were pushing from behind, and others pulling in front; that men at the corners in front often obstructed the passage of light into the space between the cars; that about four men could push or pull to advantage from either end of the car; that another man was also pushing from the side at the time respondent was hurt; that it was not an uncommon occurrence for men to push from the side, and that it was often necessary to do so when ten or twelve men were engaged in moving a car. It is true, it was testified that it was usual to warn the men to look out for the sticks, and that respondent had assisted before and had heard such warning. It was also testified that it had theretofore been the custom to use projecting sticks, and that respondent knew that fact. He had not, however, assisted in piling the lumber. His work was elsewhere. He had been called to assist in moving cars perhaps seven or eight times be-

fore, and he says the sticks upon this car were longer than usual. There was much testimony to the effect that there would have been no danger to respondent if the sticks had been of uniform length, and had not projected beyond the lumber.

Under such testimony, we think it was for the jury to pass upon the question of negligence, contributory negligence, and assumption of the risk, and that the court should not have said, as a matter of law, that respondent was not entitled to recover under the evidence, either at the close of his own case, or at the close of all the evidence. It is well settled that the master is charged with the duty of furnishing his servant with a reasonably safe place in which to work, and this court, in *Shannon v. Consolidated etc. Mining Co.*, 24 Wash. 119, 64 Pac. 169, said of that rule that it "impliedly says to him that there is no other danger in the place than such as is obvious and necessary." It was for the jury to say, in the case at bar, whether the danger was obvious under all the testimony as to the character of the light and the necessarily hurried movements of the men, as to the sticks being longer than usual, and the conditions requiring such particular care as to where the men stepped. That the danger was not necessary is sustained by much evidence which is to the effect that the lumber could easily have been piled with sticks of uniform length, not projecting, and that in that event there would have been no danger of the kind which respondent encountered. Where there is a safe way for a master to do a thing, it becomes a question for the jury whether the failure to pursue the safe way is the proximate cause of the injury. *Goe v. Northern Pac. R. Co.*, 30 Wash. 654, 71 Pac. 182.

We think there is no question of fellow servant seriously involved in the case. It sufficiently appears that the lum-

ber was piled under the direction of appellant's foreman, and, under his direction, respondent was called to assist in moving the car. The foreman was a vice-principal, within repeated holdings of this court; and if the lumber was negligently piled, and if that was the proximate cause of the injury, appellant itself, and not a fellow servant, became chargeable therewith.

It is assigned that the court erred in permitting respondent in rebuttal to contradict what one of his own witnesses had said about respondent's being warned as to the danger. A witness by the name of Cleveland, who testified for respondent, said, on cross-examination, that he had instructed the men who assisted in moving the cars to look out for the sticks, and that, in his opinion, respondent had heard such warnings. A Mr. Owen was afterwards called by appellant, and he testified that he had always instructed the men not to get between the cars and to be careful. Neither witness testified that respondent was directly and personally warned, but their testimony might have left such an inference with the jury. If respondent had received no such warning it was proper for the jury to be so informed. While Cleveland was called as respondent's witness, yet the testimony on the subject of a warning to respondent was brought out by appellant, and was properly matter of defense. Owen's testimony was introduced as a part of defendant's case. It certainly was competent to contradict in rebuttal any inference that might have been drawn from Owen's testimony; and, as the point made by Cleveland's testimony in cross-examination was no more than the expression of the witness's opinion that respondent had heard the warning along with others, we think it was not prejudicial error to permit respondent to testify that he received no warning.

It is next urged that the court erred in denying appellant's motion for judgment notwithstanding the verdict. The motion is based upon a special finding of the jury in answer to an interrogatory. · Several interrogatories were submitted, but only one answer can be urged as being in any degree inconsistent with the verdict. The interrogatory and the answer thereto were as follows:

"Could plaintiff have avoided the danger which injured him by pushing from behind the car or going in front? Answer: Yes."

Section 5022, Bal. Code, provides as follows:

"When a special finding of facts shall be inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."

Was this finding inconsistent with the general verdict? We think not. By the general verdict the jury found that the respondent was not guilty of contributory negligence, and by the special verdict they found that he could have escaped the injury by going in front of, or behind, the car. It was not found by the special verdict that he knew of the danger where he was, or that it was obvious. It would be easy for a jury in any case to specially find that an injured person might have escaped by taking some other course, but such a finding would not necessarily be inconsistent with the general finding that there was no contributory negligence.

"The mere fact that an employe is injured because of the way of performing a duty which he selected, when if he had selected the other way injury would have been avoided, does not conclusively show contributory negligence. The result is not the true test." 1 Bailey's Master and Servant, § 1122.

The test is, if a party selects a dangerous way to perform a duty when there is a safe way, whether he knows the way selected to be dangerous, or whether the danger is

apparent and obvious. *Tennessee Coal etc. Co. v. Herndon,* 100 Ala. 451, 14 South. 287. A special finding must be irreconcilably inconsistent with the general verdict before the latter can be set aside and the former substituted in its place. 2 Thompson on Trials, § 2691; *Woollen v. Wishmier,* 70 Ind. 108. For an interesting discussion of this principle see, also, *Chicago & N. W. R. Co. v. Dunleavy,* 129 Ill. 132, 22 N. E. 15. The court did not err in denying the motion for judgment notwithstanding the verdict.

Other errors are assigned upon instructions given, and upon the refusal to give a requested instruction. We think the criticized instructions correctly stated the law within our view of the case as already stated, and we believe it is unnecessary to discuss them. We fail to find any requested instructions in the record.

The judgment is affirmed.

FULLERTON, C. J., and ANDERS, DUNBAR, and MOUNT, JJ., concur.