HADLEY, C. J., ROOT, MOUNT, and CROW, JJ., concur.

FULLERTON, J., dissents.

---

[No. 6601. Decided March 8, 1907.]

THOMAS J. CROW, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—RAILROADS—COLLISION—DEFECTIVE APPLIANCE. A railroad company is guilty of negligence rendering it liable to its employee injured through a collision, where the whistle on the engine backing the train around a sharp curve where the view of the track was obstructed, was, to the company's knowledge, out of repair and could not be heard any distance, while if in repair it could have been heard from two to five miles.

SAME—CONTRIBUTORY NEGLIGENCE—COMPLIANCE WITH COMMANDS. A brakeman on a freight train is not guilty of contributory negligence in proceeding to a siding without sending out a flag to protect the train, as required by the printed rules of the company, where he was acting under an express command of the conductor so to do, and had no opportunity to carry out the rules.

[1]Reported in 88 Pac. 1022.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered June 14, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for personal injuries sustained by a freight brakeman through a collision between defendant's railway trains. Affirmed.

*Edward J. Cannon,* for appellant, cited: *Atchison etc. R. Co. v. Reesman,* 60 Fed. 370; *Westcott v. New York etc. R. Co.,* 153 Mass. 460, 27 N. E. 10; *La Croy v. New York etc. R. Co.,* 132 N. Y. 570, 30 N. E. 391; *Benage v. Lake Shore etc. R. Co.,* 102 Mich. 72, 60 N. W. 286; *Loranger v. Lake Shore etc. R. Co.,* 104 Mich. 80, 62 N. W. 137; *Central Trust Co. v. East Tennessee etc. R. Co.,* 69 Fed. 353; *Kansas etc. R. Co. v. Dye,* 70 Fed. 24; *Railroad Co. v. Jones,* 95 U. S. 439; *Richmond etc. R. Co. v. Rush,* 71 Miss. 987, 15 South. 133; *Davis v. Western R. Co.,* 107 Ala. 626, 18 South. 173; *Burris v. Minneapolis St. R. Co.,* 95 Minn. 30, 103 N. W. 717. The plaintiff assumed the risk in obeying orders in violation of the rules. *Leary v. Boston etc. R. Co.,* 139 Mass. 580, 52 Am. Rep. 733; *Woodley v. Railway Co.,* 46 L. J. Ex. 521; *Gleason v. Detroit etc. R. Co.,* 73 Fed. 647; *Eastburn v. Norfolk etc. R. Co.,* 34 W. Va. 681, 12 S. E. 819; *Keenan v. New York etc. R. Co.,* 145 N. Y. 190, 39 N. E. 711, 45 Am. St. 604; *Shenandoah Val. R. Co. v. Lucado,* 86 Va. 390, 10 S. E. 422; *Kresanowski v. Northern Pac. R. Co.,* 18 Fed. 229.

*Richardson, Roche & Onstine,* for respondent, cited, among other cases: 5 Thompson, Com. on Neg. pp. 43, 45; *Hall v. Chicago etc. R. Co.,* 46 Minn. 439, 49 N. W. 239; *Central R. Co. v. DeBray,* 71 Ga. 406; *Sawyer v. Rumford Falls Paper Co.,* 90 Me. 354, 38 Atl. 318, 60 Am. St. 260; *Hurlbut v. Wabash R. Co.,* 130 Mo. 657, 31 S. W. 1051; *Norris v. Illinois Cent. R. Co.,* 88 Ill. App. 614; *Pennsylvania Co. v. Roney,* 89 Ind. 453, 46 Am. Rep. 173; *Alabama etc. R.*

*Co. v. Roch,* 110 Ala. 266, 20 South. 132; *Richmond etc. R. Co. v. Rudd,* 88 Va. 648, 14 S. E. 361; 20 Am. & Eng. Ency. Law (2d ed.), pp. 147, 148; *Christianson v. Pacific Bridge Co.,* 27 Wash. 582, 68 Pac. 191; *Morton v. Moran Bros. Co.,* 30 Wash. 362, 70 Pac. 968; *Goldthorpe v. Clark-Nickerson Lum. Co.,* 31 Wash. 467, 71 Pac. 1091; *Jancko v. West Coast Mfg. & Inv. Co.,* 34 Wash. 556, 76 Pac. 78; *Frandsen v. Chicago etc. R. Co.,* 36 Iowa 372; *Chicago etc. R. Co. v. McCarty,* 49 Neb. 475, 68 N. W. 633.

DUNBAR, J.—This action was brought by plaintiff to recover damages for personal injuries sustained in a collision at Potlatch Junction, Idaho, July 22, 1905. Plaintiff was at that time rear brakeman upon a freight train, and was injured while proceeding with an engine and three cars on a branch line known as the Clearwater branch, over the main line of the Palouse branch of the Northern Pacific Railway. Between a quarter and a half mile from Potlatch Junction, there were situate two switch or service tracks. There is a Y at Potlatch Junction, and it is customary, if cars are intended for Lewiston, to convey these cars from the Y to this siding further down the main line. Between the Y and the siding and continuing upon one side of the Y, there is a sharp curve in the road, and a high bluff which conceals the main line from the Y. On the date of the accident there were three cars to be conveyed to this siding. The train upon which the plaintiff was employed was proceeding northerly towards Moscow, and upon its arrival at the junction, switched out these three cars, and attaching an engine behind the cars, the train crew proceeded to back the cars down around the bluff towards the siding. The conductor, upon arrival at the junction, examined the train register, and as the engineer pushed the cars past him, he handed the plaintiff, who was at that time standing upon the ladder of the advance car, the written directions for the disposition of the cars, and gave him the sign to proceed. As the train crew

proceeded round the curve, another train upon the main line, proceeding northerly under orders upon the same track, rounded the bluff and collided with plaintiff's train, and the collision resulted in the injury to the plaintiff. Contributory negligence was pleaded on the part of the defendant, and the trial resulted in a verdict for the plaintiff in the sum of $2,000.

It is conceded that there is a rule of the company that all trains must approach terminals, the ends of double tracks, junctions, railroad crossings at grade, and drawbridges, prepared to stop, and must not proceed until switches or signals are seen to be right, or the track seen to be clear; that trains doing work at commercial spurs, located at other than regular stations, must proceed as per rule 299, which provides that when a train stops or is delayed under circumstances in which it may be overtaken by another train, the flagman must go back immediately with danger signals a sufficient distance to insure full protection; that when recalled, he may return to his train, first placing two torpedoes on the rail when the conditions require it; that the front of the train must be protected in the same way when necessary, by the fireman. Another prescribed rule is 307, that in all cases of doubt or uncertainty, the safe course must be taken and no risks run. The respondent admitted that he had been a brakeman and worked upon this branch of the road for several months, and that he was familiar with the rules governing the operation of the cars. But his defense to the allegation of contributory negligence was that he was acting under direct orders from the conductor, who instructed the crew by a signal to proceed without flagging. It is conceded that the whistle was out of repair, and could not be heard any distance; that the condition of the whistle had been time and again reported to the appellant. It appears clear that the appellant was guilty of negligence in this respect, the evidence showing that the whistle, when it was in its normal condition, could have been heard from two to five miles. It was

also shown that the rules of the company required the engineers to sound the whistles at such points as the one where the catastrophe occurred; and it is the contention of the respondent that the failure of the appellant to provide a suitable and proper whistle was the proximate cause of respondent's injury.

The principal contention of appellant is that, by reason of the respondent not flagging, after the conductor had given the crew the signal to continue going ahead, he was guilty of contributory negligence; that, notwithstanding the order of the conductor, he should have obeyed the printed rules, and not having done so, he cannot recover for damages which ensued. It must be borne in mind that this is not a case where, in the absence of a superior officer or in the absence of a contrary direction from such superior officer, the servant neglected to obey the rules of the company. But in this case there was a direct command given by the superior officer, the conductor, who was present and engaged in person in moving the cars. It was said by the court in *Atchison etc. R. Co. v. Reesman,* 60 Fed. 370, that the question was not one of obedience to orders, but of compliance with the rules, and that generally speaking the duty of compliance was not waived by the mere fact that some controlling officer has knowledge of the failure to comply. This case is largely relied upon by appellant, but whatever may be said of the reasoning of the case generally, it is distinguished from the case at bar in the essential particular above-mentioned, that in this case the respondent could not have complied with the order given by his superior. In that case, as showing that the question here was not the question that was decided, it was said by the court:

"It is not pretended that the conductor directed the plaintiff to remain on the platform, and not go onto the top of the caboose. A different question may arise in case the violation of the rules of the company is in obedience to a direct command from the immediate superintendent."

39—45 WASH.

It must of necessity be one of the most important rules of a railroad company that some one be in control whose orders must be implicitly obeyed.   That some one in this case was the conductor, and to permit an inferior officer like a brakeman to question the orders of the conductor or to issue orders in conflict therewith, would be to invite most serious results to both property and life.

"If a special order conflicts with a standing rule, and both proceed from the same authoritative source, then the servant will be justified in obeying the special order.   The reason is that the mind of the master or his representative may be supposed to have been brought to bear specially upon the subject in giving the special order, and that the order may, well be deemed to operate as an exception to the general rule. 5 Thompson, Commentaries on Law of Negligence, p. 45.

The conductor having ordered the crew to proceed, and there having been no opportunity under such order for the brakeman to carry out the printed rules, he was not guilty of contributory negligence.

There being no error committed by the court in giving or refusing to give instructions, or in any other particular, the judgment is affirmed.

HADLEY, C. J., MOUNT, ROOT, RUDKIN, FULLERTON, and CROW, JJ., concur.