# BEAUMONT, SOUR LAKE & WESTERN RAILWAY COMPANY
## v. J. H. SCHMIDT.

No. 6216.   Decided June 19, 1934.
Motion for rehearing overruled October 24, 1934.
(72 S. W., 2d Series, 899.)

■■■■■■■■

*Andrews, Streetman, Logue & Mobley, Robert F. Campbell,* and *T. A. Slack,* all of Houston, for plaintiff in error.

There was no evidence of negligence on the part of the railway company in allowing the nail in question to "protrude in such manner that same would catch on objects with which the same came in contact while the clutch was revolving" where there was no evidence that defendant knew such to have been the condition of the nail immediately prior to the accident, and there was no evidence that the alleged condition of the nail had existed for a sufficient length of time to charge the defendant with notice thereof by virtue of its duty to inspect. Missouri, K. & T. Ry. Co. v. Jones, 103 Texas, 187, 125 S. W., 309; Blackman v. San Antonio & A. P. Ry. Co., 200 S. W., 412; Texarkana & Ft. S. Ry. Co. v. LaVelle, 260 S. W., 248; Texas & Pac. Coal Co. v. Kowsikowsiki, 103 Texas, 173.

There was no evidence to raise the issue that defendant had failed to exercise ordinary care to warn the plaintiff prior to the time of his injuries of the dangers that would reasonably be encountered from the revolving clutch. Mitchell v. Comanche Cotton Oil Co., 113 S. W., 158; Kennedy v. Wheeler, 268 S. W., 516; Anderson v. Berlin Mills Co., 88 Fed., 944; Carey v. Boston & Maine R. R. Co., 158 Mass., 228, 33 N. E., 512; Morgan v. Stillwell, 247 S. W., 581.

It was error for the trial court to permit a witness, who had qualified as an expert machinist, to testify as to what he would or would not have observed about the machinery had he not been an expert, such witness' testimony being only his conclusion as to what a person of ordinary prudence in the plaintiff's situation would have done, and being an invasion of

the province of the jury to pass upon the plaintiff's actions. American Express Co. v. Risley, 77 Ill. App., 476, affirmed 179 Ill., 295, 53 N. E., 558; Sonnefield v. Mayton, 39 S. W., 166.

*Fulbright, Crooker & Freeman, M. C. Chiles* and *C. A. Leddy,* all of Houston, for defendant in error.

The trial court can give a preemptory instruction to the jury in favor of the defendant in a negligence case only when there is no evidence of probative force to support the cause of action alleged by the plaintiff. Owen v. Security Co., 296 S. W., 620; Harrison v. Orr, 10 S. W. (2d) 381; Kanawha & M. Ry. Co. v. Kerse, 239 U. S., 576; Gulf, C. & S. F. Ry. Co. v. Jackson, 109 S. W., 478.

An employee engaged in operating a water pump for a railway company as was J. H. Schmidt, defendant in error, which water after being pumped may or may not be used by locomotives hauling interstate commerce, is not engaged in interstate transportation, nor is such work so closely related to interstate transportation as to be practically a part of it as provided by the Federal Employer's Liability Act. Chicago, etc. Ry. Co. v. Harrington, 241 U. S., 177, 60 L. Ed., 941, 36 Sup. Ct., 517; Illinois Ry. Co. v. Cousins, 241 U. S., 641, 60 L. Ed., 1216, 36 Sup. Ct., 446.

The trial court properly refused the requested issue—"Do you find from a preponderance of the evidence that the injuries sustained by plaintiff on the occasion in question did not proximately result from an accident?"—because it was clearly erroneous in form. It is contended that though erroneous in form it was sufficient to call the court's attention to the matter so as to require a correct charge to be given, such contention must be asserted under an assignment of error to that effect, and none is raised by the plaintiff in error either by his brief in the Court of Civil Appeals or his application for writ of error in the Supreme Court. Neither does the assignment present any error because there was no evidence raising the issue of unavoidable accident. Wichita Falls Compress Co. v. W. L. Moody Co., 154 S. W., 1032; El Paso Elec. Co. v. Harry, 83 S. W., 735; Gulf Prod. Co. v. Gibson, 234 S. W., 906.

The court did not err in refusing to give plaintiff in error's requested special issue inquiring whether defendant in error was negligent in not looking when he started to turn away from the engine and pump machinery because the matter sort to be submitted was purely evidentiary and the same was embodied in and fully covered by the ultimate issues on this sub-

ject which were submitted by the court in its charge. International & G. N. Ry. Co. v. Casey, 46 S. W. (2d) 669; Texas & Pac. Coal & Oil Co. v. Grabner, 10 S. W. (2d) 441; Armour Co. v. Tomlin, 60 S. W. (2d) 204.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error was employed by plaintiff in error as telegraph operator and clerk at its station in Huffman, Texas, on its line of railway. It was a part of his duties, for which he received extra compensation, when requested by the agent in charge of the station, to operate an engine owned by plaintiff in error and used for pumping water into a tank. Part of the machinery constituting the engine and pump was a large cog wheel about four feet in diameter, which, when the engine was in gear, was meshed with a smaller cog wheel on a revolving shaft. On the shaft and revolving with it was a clutch operated by a lever to throw the engine in or out of gear. Two links on each side of the shaft and forming a part of the clutch mechanism also revolved with the shaft, and these links, which were about six inches long, joined like a hinge, being held by pins extending through them. The pins were made to be held in place by cotter keys, but at the time of the injury of defendant in error finishing nails about two and three-fourths inches long were in the pins instead of cotter keys, and protruded out from the point where the two links came together.

When the engine was running, but not in gear, as it was usually run when first started, and until it "warmed up," the links lay almost flat, rotating with the shaft, but when the engine was put in gear, the links, still rotating, were elevated to about a sixty degree angle, standing out three or four inches farther from the shaft, and each pair of links forming an inverted "V," at the apex of which were the protruding nails. On account of the rapidity of the revolutions, the change in the links from the flat to the sharp position was not easily discernible. No guards were provided for the cog wheels, the shaft or the clutch.

Defendant in error went to the pump house to oil the engine, stopped it, oiled it, and started it again. As he was leaving he turned to see whether an oil cup over the cog wheel was dripping, and, not being able to see the cup from his position, walked around the shaft and stood in the L formed by the shaft and the large cog wheel. After observing that the cup was dripping, he turned to leave, when his sweater was

caught by the protruding nails and wound around the shaft. This jerked him down and caused his right arm to fall into the cog wheels, which severed it above the elbow.

Defendant in error had been employed at this station for about six and a half years and had operated the engine many times. He was a telegraph operator by trade and not a trained or experienced mechanic. Repairs necessary to be made on the pump and engine were made by plaintiff in error's water service repairmen. Defendant in error testified that at the time of his injury he did not know that the links extended farther out from the shaft when the engine was in gear, and did not know that there were nails in the pins holding the links together.

The jury, in answer to special issues, found that plaintiff in error was negligent in allowing nails to be used in place of cotter keys for holding the links of the clutch, that it was negligent in allowing the nails to protrude in such manner that the same would catch on objects with which they came in contact, and that it was negligent in failing to warn defendant in error of the dangers that might reasonably be encountered from the revolving clutch. Judgment in favor of defendant in error for $20,000, the amount of damages assessed by the jury, was affirmed by the Court of Civil Appeals. 45 S. W. (2d) 734.

The principal contention made by plaintiff in error is that there is no evidence of any negligence on the part of plaintiff in error in respect to any of the issues in the case. Propositions are presented to the effect that no negligence was shown because there was no testimony that the nails were more dangerous than cotter keys or protruded farther than was necessary or farther than cotter keys would have protruded, because there was no evidence that by the exercise of care the nails or cotter keys could have been so arranged that they would not have caught on objects with which they came in contact, and because there was no evidence that plaintiff in error knew that the nails were protruding.

■■ The first question is whether there is any evidence sufficent to warrant a reasonable belief that the employer failed to exercise ordinary care in furnishing reasonably safe appliances for carrying on the work. Washington v. M. K. & T. Ry. Co., 90 Texas, 314, 38 S. W., 764. "To authorize the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to

differ as to the conclusion to be drawn from it." Lee v. I. & G. N. R. R. Co., 89 Texas, 583, 36 S. W., 63.

■ It is to be remembered that the duty under consideration is the important nondelegable one imposed upon the master to exercise care both in supplying safe and suitable appliances and in maintaining them in safe condition, so that it shall be reasonably probable that injury will not occur in the exercise of the employment. Forth Worth Elevators Co. v. Russell, 123 Texas, 128, 70 S. W. (2d) 397; Morton Salt Co. v. Wells, 123 Texas, 151, 70 S. W. (2d) 409; Ebersole v. Sapp (Com. App.), 208 S. W., 156; Choctaw, etc. Ry. Co. v. McDade, 191 U. S., 64, 48 L. Ed., 96, 24 Sup. Ct., 24; Labatt's Master and Servant (2d Ed.), Secs. 917, 1009; 29 Texas Jurisprudence, pp. 152, 177; 18 R. C. L. pp. 587, 737. The servant, so long as he exercises ordinary care for his own safety, has the right to rely upon the master's performance of his duties and to presume that the tools, appliances and places are fit and suitable. 18 R. C. L. pp. 689-690; 29 Texas Jurisprudence, pp. 211-213; Galveston, H. & S. A. Ry. Co. v. Garrett, 73 Texas, 262, 13 S. W., 62; Philadelphia, etc. Ry. Co. v. Marland (U. S. C. C. A.), 239 Fed., 1.

Looking to the facts in the light of these principles, we have reached the conclusion that there is evidence from which it may reasonably be inferred that plaintiff in error was negligent in the performance of its duties. We do not have the ordinary case of exposed or unguarded cog wheels, shafts or other moving machinery where the danger in coming in contact is apparent or obvious. The dangerous instrumentality which caused the injury is at least somewhat unusual and peculiar. The links, joined by a pin or bolt held in place by protruding, ordinary finishing nails, a makeshift, and rapidly revolving with the shaft, stood out from the shaft in the form of an inverted "V" with the protruding nails at the apex of the "V," when the engine was running in gear, in such a way that the links, or the points of them, were about three or four inches farther away from the shaft than when the engine was running out of gear. The rapidity of the revolutions obscured this change in the position of the links, which rendered greater the danger in going near the revolving shaft. And this greater danger was enhanced by the presence, at the points of the rapidly revolving extended links, of protruding finishing nails. where there should have been cotter keys. It is fairly to be inferred that an ordinary prudent employer exercising reason-

able care for the protection of an employee would not expose him to such hazard.

■ While the general rule is that the master is under no duty to protect with guards moving parts of machinery, such rule is not applicable where there are special circumstances enhancing the danger. 29 Texas Jurisprudence, p. 227 and cases cited; note 36 A. L. R., p. 1477 and following. And see 18 R. C. L., pp. 591-592, where the statement is made that the tendency in the late cases is to hold the employer negligent in failing to guard all dangerous appliances. The danger ordinarily present in rapidly moving parts of machinery was certainly enhanced by the peculiar construction and operation of the clutch which has been described, and by the presence of protruding nails.

As to the contention that the evidence does not show that the nails protruded farther than cotter keys would have protruded, or that cotter keys could have been arranged so that they would not have caught on objects with which they came in contact, we think it is reasonably concluded from the facts in evidence as to the construction and operation of the clutch that ordinary prudence would direct an employer to use, instead of pointed, protruding nails to hold the pins in place, cotter keys so short or so rounded at their ends or bent back so flat against the pins that they would not protrude for any appreciable distance and would not readily catch on objects near them.

■ The absence of proof as to how long the nails were in use in the clutch or by whom they were placed there does not absolve plaintiff in error, for the nails at the time of the injury were actually in use as a part of the clutch, and responsibility for the character and condition of the machinery rested upon plaintiff in error, not upon defendant in error. This is not a case like a number of the authorities relied upon by plaintiff in error where the cause of the injury was unexplained, or where the particular thing that brought it about was not in the control of the employer but may have been the result of the act of a third person or of the injured employee himself. There is no evidence suggesting that defendant in error was in any way responsible for the use of the nails. He testified that he did not know of their presence until after he was injured. Repairs on the machinery were made by another employee of the plaintiff in error.

In the following cases the facts were very similar to those

in this case, and the employers were held liable for injuries to employees: Farmers Cotton Oil Co. v. Barnes, 134 S. W., 369 (petition for writ of error refused); Standard Portland Cement Co. v. Foley, (U. S. C. C. A.) 270 Fed., 203, (writ of certiorari denied); Longview Cotton Oil Co. v. Thurmond, 119 S. W., 130; Smith v. Queen City Lumber Co., 141 S. W., 309.

■ The nondelegable duty of warning an inexperienced servant of the dangers incident to his employment is also imposed upon the master. 29 Texas Jurisprudence, pp. 152, 159, 18 R. C. L., pp. 732-733. The inexperienced servant should be given full information. Missouri Pacific Ry. Co. v. Watts, 64 Texas, 568. While the master is under no obligation to caution experienced servants of dangers which are open and palpable, (29 Tex. Juris., p. 159) it is his duty to warn even them of the dangers which are latent, abnormal or unusual. Galveston, H. & S. A. Ry. Co. v. Garrett, 73 Texas, 262, 13 S. W., 62; Houston & T. C. Ry. Co. v. Malloy, 118 S. W., 721, (application for writ of error refused); Labatt's Master and Servant, (2d Ed.) Sec. 1146. When the danger is hidden or unusual the warning should be commensurate with the risk and explicit. Philadelphia, etc. Ry. Co. v. Marland, (U. S. C. C. A.) 239 Fed., 1; Labatt's Master and Servant, (2d Ed.) Sec. 1160.

■ Defendant in error was inexperienced in that he had never had any character of training that taught him about machinery or how to operate it. He was told not to oil the engine while it was running, but he was not warned of the particular, peculiar and obscure danger in the combination of the flaring links and the protruding nails. In view of these facts, it is our opinion that there was evidence sufficient to warrant the submission to the jury of the issue of negligence in failing to warn defendant in error of the dangers that might be encountered from the revolving clutch.

■ An assignment of error presents the contention that the defense of assumed risk was raised by the evidence and should have been submitted to the jury. This defense was pleaded and is presented by the assignment under the terms of the Federal Employers Liability Act. Plaintiff in error correctly states, however, in a brief recently filed, that this assignment should not be sustained, on account of a recent decision by the Supreme Court of the United States (Chicago & Eastern Illinois R. R. Co. v. Industrial Commission of Illinois, 284 U. S., 296, 76 L. Ed. 304), holding that one in similar employment was not engaged in interstate commerce.

■ The trial court refused to submit the following special issue requested by plaintiff in error:

"Do you find from a preponderance of the evidence that the injuries sustained by plaintiff on the occasion in question did not proximately result from an accident?"

Refusal to submit this issue was not error, because it is not a correct issue. Admittedly the injury to defendant in error was the result of an accident in the ordinary or popular meaning of the word, which is "the happening of an event without the concurrence of the will of him by whose agency it was caused" (Bouvier's Law Dictionary, 3d Ed., Vol. 1, p. 101), or "an undesigned and unexpected event" (Webster). While the word "accident" is often used in the law of negligence as meaning the happening of an event without fault or neglect on the part of anyone, in its ordinary meaning it does not negative the idea of negligence on the part of the person whose act brought about the event. Hogan v. Kansas City Public Service Co., 322 Mo., 1103, 19 S. W. (2d) 707, 65 A. L. R., 129; Campbell v. Jones, 73 Wash., 688, 132 Pac., 635; Ullman v. Chicago & N. W. Ry. Co., 112 Wis., 150, 88 N. W., 41, 56 L. R. A., 246.

Since the word "accident" as used in the requested charge was not qualified or defined, the jury would have given to it its ordinary meaning, and an answer favorable to plaintiff in error would not have been a finding that the injury resulted from an unavoidable accident. An unavoidable accident can occur only in the absence of negligence. Rosenthal Dry Goods Co. v. Hillebrant (Com. App.), 7 S. W. (2d) 521; Dallas Ry. & Terminal Co. v. Darden (Com. App.), 38 S. W. (2d) 777; Texas Interurban Co. v. Hughes, 53 S. W. (2d) 448; 20 R. C. L., p. 17. But negligence usually consists in the "involuntary and casual," that is, "accidental" doing or omission to do something which results in an injury. Root v. Topeka Ry. Co., 96 Kans., 694, 153, Pac., 550.

Since a negative answer to the issue requested would not have been a finding of unavoidable accident, or of an absence of negligence, it could not have served as the basis for a judgment in favor of plaintiff in error. For this additional reason the trial court did not err in refusing to submit the issue requested. Armour & Co. v. Tomlin (Comm. App.), 60 S. W. (2d) 204.

■ Even if it should be held that the issue, although incorrect in the form submitted, was sufficient to direct the attention of the trial judge to unavoidable accident as a defense and to

make it his duty to prepare and submit to the jury a special issue in correct form, still no error is shown, because there was no assignment of error in the Court of Civil Appeals and there is none here complaining of the failure of the trial court to prepare and submit such issue. It is held that an assignment to the effect that the court erred in refusing to submit a requested issue or charge (incorrect or defective in form) does not present complaint of the failure of the court to prepare an give an issue or charge in proper form. Wichita Falls R. & Ft. W. Ry. Co. v. Combs (Com. App.), 268 S. W., 447; Crawford v. El Paso Sash & Door Co. (Com. App.), 288 S. W., 169; Southwestern Portland Cement Co. v. McBrayer, 140 S. W., 388 (application for writ of error refused).

It is unnecessary to determine whether there is evidence raising the issue of unavoidable accident.

■ The trial court did not err in refusing to submit to the jury a requested issue presenting the question whether defendant in error was negligent in not looking when he started to turn away from the engine, because this question was but an element of fact within the scope of, and to be determined in answering, several issues which were submitted. Such issues were in substance: Was the injury of defendant in error proximately caused by his failure to exercise care in thinking about his work and the dangers he was encountering in it; did defendant in error, standing as he did in such proximity to the engine and machinery while in motion, fail to exercise ordinary care to keep himself and his clothing a safe distance therefrom; was he negligent in permitting a part of his sweater to become caught in the rapidly moving machinery; was the injury proximately caused by his failure to take reasonable care to keep himself and his clothing a safe distance from the moving parts; was he negligent in taking the position he did while the engine was in operation in attempting to determine whether the oil cup was dripping.

■ An expert machinist testifying for defendant in error described in detail the clutch mechanism, the links, and the manner in which the links lay almost flat when the engine was not in gear but protruded when it was in gear. He testified that when the engine was running in gear the links appeared nearly transparent like they were almost straight. He was asked whether, but for his knowledge and experience in operating machinery, he would have been able to detect the change in the links from the flat to the protruding position when the

engine was in operation. Plaintiff in error's objection that the question called for the conclusion of the witness was overruled, and the witness answered: "I would notice it, I would be expecting it, but if I did not have mechanical experience I would not have looked for it."

Plaintiff in error takes the position that by this answer the witness usurped the province of the jury because he in effect gave testimony that the protruding of the links when the engine was running in gear would not be apparent to a person having no mechanical experience.

The answer objected to is, we think, when it is read in connection with the other testimony of the witness, descriptive of the machinery rather than expressive of a conclusion or opinion. It told the jury, if the meaning ascribed to it by plaintiff in error is correct, that the protruding position of the links was, by reason of the rapidity of the revolutions, so indistinct that it would not be observed by one who for want of experience would not be expecting it and so would not be looking for it. The answer gave the jury information about the appearance of the moving machinery that could not have been imparted clearly by mere literal description.

If it is regarded the expression of an opinion, it is the opinion of an expert given in connection with a detailed description of the facts upon which it is based. Even the opinions of nonexperts are sometimes admissible.

"The opinion of a common observer may be received where the facts upon which it is based are incapable of being presented or explained to others with their proper force or significance, * * * . In other words, whenever a condition of things is such that it cannot be reproduced and made palpable to a jury, or when language is not adequate to such realization, a witness may describe it by its effect upon his mind, even though such effect be opinion." 19 Tex. Juris., pp. 19-20.

See also Missouri, K. & T. Ry. Co. v. Gilcrease, 187 S. W., 714 (application for writ of error refused); McCabe v. San Antonio Traction Co., 88 S. W., 387, (application for writ of error refused).

The answer objected to was not in fact the expression of an opinion that one without mechanical experience would not observe the protruding position of the links. The witness did not even testify that he would not have observed it but for his experience. He merely stated that if he had been inexperienced he would not have looked for it.

The trial court did not err in overruling the objection to the question.

■ The assignments of error attacking the findings of the jury in answer to special issues submitting several phases of contributory negligence, on the ground that the findings are contrary to the great weight and preponderance of the evidence, do not present questions within the jurisdiction of the Supreme Court. Parks v. San Antonio Traction Co., 100 Texas, 222, 94 S. W., 331; Ellis v. Brooks, 101 Texas, 591, 102 S. W., 94, 103 S. W., 1196; Texas Power Corporation v. Kuehler (Com. App.), 52 S. W. (2d) 76; Damon v. State (Com. App.), 52 S. W. (2d) 368.

The same is true as to the assignment of error that the verdict is excessive. International & Great Northen R. R. Co. v. Goswick, 98 Texas, 477, 85 S. W., 785; Wilson v. Freeman, 108 Texas, 121, 185 S. W., 993; Burrell Engineering & Construction Co. v. Grisier, 111 Texas, 477, 240 S. W., 899; Galveston, H. & S. A. Ry. Co. v. Leifeste (Com. App.), 22 S. W. (2d) 1061.

The judgment of the trial court and that of the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court, June 19, 1934.