Chicago, Rock Island & Texas Railway Company v.
J. W. Harton.

Decided June 25, 1904.

**1.—Master and Servant—Negligence—Defective Machinery.**

Plaintiff, a machinist helper, was assisting in installing a new compressed air-jack. There was difficulty in putting the part called the plunger in the cylinder, due in part at least to an undiscovered defect in the finish of the cylinder, and an effort was made to overcome this difficulty by driving the plunger down in the cylinder. Finding it could not be forced down and would have to be taken out, a steam connection was made which resulted in blowing the cylinder out with such force that it knocked off a part of the trestle, which struck and injured plaintiff, who was near by and had not been warned of the danger by the foreman. Held, that a charge was error which assumed that the failure of the defendant company to discover the defect, as also the failure to warn plaintiff, constituted negligence.

**2.—Same—Proximate Cause.**

Before the defect in the machinery, or the company's failure to discover it, could be considered the proximate cause of the injury, the evidence would have to show that such defect, or ignorance thereof, was more than the mere occasion of the application of steam in order to expel the plunger, and that no injury would probably have resulted from the expulsion of the plunger by the use of steam but for the undiscovered defect in the machinery.

Appeal from the District Court of Dallam. Tried below before Hon. Ira Webster.

*N. H. Lassiter* and *Robert Harrison,* for appellant.

*D. W. Harrington* and *Wallace & Lumpkin,* for appellee.

STEPHENS, Associate Justice.—Appellant undertook through its foreman, with the assistance of W. H. Switzer, machinist, and appellee as machinist helper, to install a new compressed air-jack in its shops at Dalhart, Texas, and met with difficulty in putting the part called the plunger in the clyinder. An effort was made to overcome this difficulty (which was due in part at least to an undiscovered defect in the finish of the cylinder, but which was supposed to be due to the condition of the packing) by driving the plunger down in the cylinder. Finding that it could not thus be forced all the way down and that it would have to be taken out, they made a steam connection which resulted in blowing it out with so much force that it knocked to pieces the trestle above it. At this juncture appellee, who had been sent off by Switzer to put away some tools, appeared on the scene and was struck by a piece of the trestle timber and severely injured. The foreman and Switzer, who had just taken shelter in anticipation of what might happen, had not warned appellee to look out for the danger.

In submitting the issues to the jury the court gave the following instruction, to which errors are assigned: "If you believe from the evidence that the explosion alleged in the plaintiff's petition occurred as alleged in said petition, and that by reason thereof the plaintiff, J. W. Harton, was struck by pieces of timber or other hard substance broken

from a trestle and thrown violently against plaintiff, thereby injuring him; and if you further believe from the evidence that the compressed air-jack that was being placed in position was defective, and that said defect, if any, was known to the defendant or the persons in charge of placing it in position, or by the use of ordinary care would have been so known, or that the defendant or persons in charge of said work applied steam to said compressed air-jack in a careless and unskillful manner, such as constituted negligence on their part; and if you further find that plaintiff did not know of the said defects, if any, in said jack, and that he did not know of the danger, if any, in using steam pressure as applied to said air-jack, and if you believe that the plaintiff, in taking and remaining in the position occupied by him at the time of the explosion, was acting in the discharge of his duties, and was required to be there and that he was not warned of the danger, if any; and if you further believe from the evidence that such negligence, if any, of the defendant or the persons in charge of said work was the proximate cause of said injury to plaintiff, J. W. Harton, then you will return a verdict in favor of the plaintiff, J. W. Harton, unless under the instructions hereinafter given you find that said J. W. Harton was himself guilty of negligence proximately contributing to his injury, or that he assumed the risks of his injury."

This charge seems to have treated the failure of appellant to discover the defective condition of the machinery as negligence and to have submitted to the jury as an issuable fact whether such negligence was a proximate cause of the injury, and seems also to have treated the failure to warn appellee of the danger as negligence. So far as we have been able to see, there was no evidence that the failure of appellant to discover the defective condition of the machinery was anything more than a remote cause of the injury. True, but for this ignorance on the part of appellant the plunger probably would not have been so wedged in the cylinder as to require the application of steam to force it out, and the accident therefore would not have occurred. Before, however, the defect in the machinery, or appellant's failure to discover it, could be considered the proximate cause of the injury, the evidence would have to show that such defect, or ignorance thereof, was more than the mere occasion of the application of steam in order to expel the plunger. It would have to go further and show that no injury would probably have resulted from the expulsion of the plunger by the use of the steam but for the undiscovered defect in the machinery, which we think it failed to do.

But if the evidence had shown or tended to prove that the defect in the air-jack was a proximate cause of the injury, the court should not have assumed that appellant's failure to discover such defect was negligence. It was also a charge on the weight of the evidence to assume that the failure to warn appellee of the danger was negligence.

We find no evidence tending to prove that either appellant or appellee was aware of any defect in the air-jack, or that appellee did not know

that the use of steam to expel the plunger would be attended with danger, and such issues should not have been submitted to the jury as controverted issues of fact.

The real issues in the case were, we think, whether or not appellant was guilty of negligence in applying the steam in the manner and under the circumstances shown by the evidence without at any time warning appellee to look out for his own safety, and whether or not appellee was guilty of negligence in not taking notice of the danger and guarding against it, or whether he assumed the risk involved.

Because of the errors in the charge quoted, some of which have been properly assigned, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*