LONGVIEW COTTON OIL COMPANY v. J. H. THURMOND.

Decided April 29, 1909.

**Master and Servant—Negligence—Dangerous Machinery.**

Evidence considered, in case of an employe in a cotton oil mill injured by being caught by projecting bolt and nut upon a revolving shaft, and held to show:

(1) Circumstances from which the employer might have contemplated injury as a possible result from the exposed and unprotected projection on the shaft, though the particular manner in which plaintiff was brought in contact therewith and injured was accidental.

(2) That the risk of injury was not assumed by the servant, and that he was not guilty of contributory negligence.

Appeal from the District Court of Gregg County. Tried below before Hon. W. C. Buford.

*Harry P. Lawther* and *Young & Stinchcomb,* for appellant.—The law does not require an employer to protect his employe against the possibility of an accident.—Trinity County Lumber Co. v. Denham, 85 Texas, 56; Easton v. Houston & T. C. R. Co., 39 Fed., 65; Kern v. De Castro & D. Sugar Ref. Co., 125 N. Y., 50; 4 Thompson on Negligence, sec. 3774; Delaware River I. S. B. & E. Works v. Nuttall, 119 Pa., 149; Sjorgren v. Hall, 53 Mich., 274; Richards v. Rough, 53 Mich., 212; Koontz v. Chicago, R. I. & P. R. Co., 65 Iowa, 224; Groff v. Duluth Imp. Mill Co., 58 Minn., 333; Mad River & L. E. R. Co. v. Barber, 5 Ohio St., 541; s. c., 67 Am. Dec., 312; Toledo, P. & W. R. Co. v. Conroy, 68 Ill., 560; Huffer v. Herman, 66 Ill. App., 481; Del Sejnore v. Halliman, 153 N. Y., 274; Hoskins v. Stewart, 57 Hun, 380.

A master's obligations are limited by the uses for which the instrumentalities were designed. An employer is not liable where the servant's injury was not caused by any defect in the appliance which affected its safety when it was used in the ordinary manner and for the purposes for which it was intended. 1 Labatt, Master and Servant, sec. 26; Bell v. Refuge Oil Mill Co., 77 Miss., 387; McCauley v. Southern R. Co., 10 App. D. C., 560; Ward v. Bonner, 80 Texas, 168; Richmond & D. R. Co. v. Dickey, 90 Ga., 491; Throckmorton v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 228; Plunkett v. Central of Ga. R. Co., 105 Ga., 203; Lenk v. Kansas & T. Coal Co., 80 Mo. App., 374.

Where the servant has the choice of two or more methods and voluntarily selects the more dangerous, in consequence of which he is injured, he can not recover. St. Louis & S. F. Ry. Co. v. Mathis, 101 Texas, 342; 1 Labatt, Master and Servant, secs. 258-333, and authorities cited, note 2; 4 Thompson on Negligence, sec. 4629; Illinois Steel Co. v. McNulty, 105 Ill. App., 594; Rysdorp v. Geo. Pankratz Lumber Co., 95 Wis., 622; Starr Elev. Co. v. Carlson, 69 Ill. App., 212;

Young v. Boston, etc., R. Co., 69 N. H., 634; W. R. R. Co. v. Propst, 92 Ill. App., 485; Gowen v. Harley, 6 C. C. A., 190; Grace v. Globe Stove & Range Co., 82 N. E., 99; Morris v. Duluth S. S. & A. R. Co., 47 C. C. A., 661; Walker v. Atlanta & W. P. R. Co., 103 Ga., 820; Central R. Co. v. Mosely, 112 Ga., 914; English v. Chicago, M. & St. P. R. Co., 24 Fed., 908.

The law imposes no obligation upon a master to warn a servant of a danger which is open, apparent and obvious. A servant assumes the risk of such danger, even though caused by the negligence of the master; and the law imputes knowledge and appreciation of a danger to one of mature years who for a long period of time has continued to work about or in connection with the alleged defective appliance, and who is possessed of a familiarity with and knowledge of the situation and conditions. Texas & P. Ry. Co. v. Bradford, 66 Texas, 732; Currie v. Missouri, K. & T. Ry. Co. of Texas, 106 S. W., 1150; St. Louis S. W. Ry. Co. of Texas v. Brisco, 100 Texas, 354; Klutts v. Gibson Bros., 37 Texas Civ. App., 216; Texas & Pacific Ry. Co. v. Miller, 36 Texas Civ. App., 240; Texas S. V. & N. W. Ry. Co. v. Peden, 32 Texas Civ. App., 315; Ladonia Cotton Oil Co. v. Shaw, 27 Texas Civ. App., 65; Gulf, C. & S. F. Ry. Co. v. Gray, 25 Texas Civ. App., 99; Brown v. Miller, 62 S. W., 549; Crawford v. Houston & T. C. Ry. Co., 89 Texas, 92; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 628; Rogers v. Galveston City Ry. Co., 76 Texas, 505; Missouri, K. & T. Ry. Co. v. Thompson, 11 Texas Civ. App., 667; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 76; Jones v. Galveston, H. & S. A. Ry. Co., 11 Texas Civ. App., 39; 4 Thompson on Negligence, secs. 4640-4644; 1 Labatt, Master and Servant, secs. 391-2-3; Rooney v. Cordage Co., 141 Mass., 153; Russell v. Tillotson, 140 Mass., 201; Keats v. National Heeling Machine Co., 65 Fed., 940; Thompson v. Chicago, M. & St. P. Ry. Co., 14 Fed., 566; James v. Rapides Lumber Co., 44 L. R. A., 51, note 2; Trinity & B. V. R. Co. v. Perdue, 101 S. W., 485.

*M. L. Cunningham* and *E. M. Bramlette,* for appellee.—It is not the law that there would be no liability if the very occurrence itself complained of could not have been foreseen by the use of ordinary care, but if no danger could be supposed to exist from the defects under any circumstances, after the exercise of ordinary care. There may be antecedent causes connected with and associated with the negligence of the master, but still if the negligence of the master was the proximate cause and without which the injury would not have resulted the master can not escape liability. Trinity County Lumber Co. v. Denham, 85 Texas, 56; 1 Labatt, 205 and 206, secs. 76, 77, 145; Galveston, H. & S. A. Ry. Co. v. Harper, 114 S. W., 1168; Miller v. Itasca Cotton Oil Co., 41 S. W., 366; Galveston Oil Co. v. Thompson, 76 Texas, 235; International & G. N. Ry. Co. v. Bayne, 28 Texas Civ. App., 392; Houston & T. C. Ry. Co. v. Smith, 51 S. W., 506.

Before a servant can be held negligent as a matter of law by selecting a dangerous way of performing his duties when there is a safe way open to him, it must be shown that the way selected was essentially dangerous and the other way or ways apparently safe,

and that he had knowledge, actual or constructive, of the dangerous character of the way selected. St. Louis S. W. Ry. Co. v. Hynson, 101 Texas, 543; Kansas City & So. Ry Co. v. Williams, 111 S. W., 196; Houston & T. C. Ry. Co. v. Smith, 39 S. W., 582; Austin & N. W. Ry. Co. v. Beatty, 6 Texas Civ. App., 652; 1 Labatt, secs. 333, 319, and notes; Tennessee Coal I. & R. Co. v. Herndon, 100 Ala., 451; City of Galveston v. Hemmis, 72 Texas, 558; Rogers v. Hamilton Cotton Oil Co., 23 Ont. Rep., 425; Gibson v. Burlington, C. R. & N. Ry. Co., 78 N. W., 190; St. Louis Belt & I. Co. v. Burke, 12 Ill. App., 372; Walker v. Atlanta & W. P. R. Co., 30 S. E., 503; Morris v. Duluth S. S. & A. R. Co., 108 Fed., 747; Gowen v. Hartley, 56 Fed., 973.

Whether a servant assumes the risks of any given occupation, or whether the danger incident to or necessarily connected with a defect or the negligence of the master was open, apparent and obvious, and whether the experience, age and knowledge of the servant was such as to cause him to know and appreciate the danger incident to any defect or the negligence of the master, are questions for the jury, and the court did not err in submitting same to the jury for determination. San Antonio & A. P. Ry. Co. v. Engelhorn, 24 Texas Civ. App., 324; Missouri Pac. Ry. Co. v. Galbreath, 66 Texas, 526; Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 127; Missouri, K. & T. Ry. Co. v. Adams, 114 S. W., 453; Texas & N. O. Ry. Co. v. Jackson, 113 S. W., 628; El Paso & S. W. Ry. Co. v. O'Keefe, 110 S. W., 1002; Missouri, K. & T. Ry. Co. v. Walker, 26 S. W., 513; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Gulf, C. & S. F. Ry. Co. v. Whitting, 35 S. W., 857; Kansas City & S. Ry. Co. v. Williams, 111 S. W., 196; St. Louis & S. W. Ry. Co. v. Hynson, 101 Texas, 543; Labatt, p. 786, sec. 319 and notes; also p. 624, sec. 271 and notes, and secs. 391, 392 and 393.

It is not error to refuse a peremptory instruction if there is any evidence on the issues and of such character as to leave room for ordinary minds to differ as to the conclusions to be drawn from it. Potter v. Wheat, 35 Texas, 401; Mitchel v. McLaren, 51 S. W., 269; Lee v. International & G. N. Ry. Co., 89 Texas, 583; Wallace v. Southern Cotton Oil Co., 91 Texas, 18; Gaunce v. Gulf, C. & S. F. Ry. Co., 48 S. W., 524; 20 Texas Civ. App., 33; Ross v. St. Louis & S. W. Ry. Co., 103 S. W., 708; 47 Texas Civ. App., 24.

It is not error to refuse to grant a new trial where the evidence is conflicting unless the verdict is unsupported by the evidence, or so clearly wrong, or so decidedly against the preponderance of the evidence as to show that the jury did not give the case due consideration. Ragland v. Wisrock, 61 Texas, 391; Houston & T. C. Ry. Co. v. Schmidt, 61 Texas, 282; McDaniel v. Staples, 113 S. W., 596.

WILLSON, CHIEF JUSTICE.—As a part of its plant appellant operated a machine designated by witnesses as the "mixer," for mixing food for stock. The mixer was situated in a room immediately under the roof of the building, which seems to have been two or more stories in height. Near the mixer was a bin into which hulls used in manufacturing the food were conveyed by means of a wooden chute.

The bin was about 16 feet long from north to south, about 6 feet wide and 5 or 6 feet in height. Running north and south, lengthwise, through or immediately over the bin, near its center from east to west, and 5 feet and 8 inches above its floor, was an iron shaft which, when revolving, operated the mixer. A portion of the shaft near the north end of the bin, nearly or about opposite a door opening into the bin from the west, was spliced, and 6 or 8 bolts and nuts used in the splicing projected from it for half an inch or more. No portion of it was covered or in any way protected. Running above the bin and above the shaft, parallel with but a little to the east thereof, was the wooden chute referred to. In the portion thereof near the south end of the bin slides were so arranged as by opening same to permit hulls conveyed by it to drop into the bin, and by closing same to prevent hulls from dropping into the bin. Prior to 1905 appellee was a farmer and planter. In 1905, being then over forty years of age, he was employed by appellant, and during the season following operated the mixer. His duties, it seems, were to shovel hulls from the bin, through the door referred to, to the mixer, and by means of the slides on the chute or conveyor to keep the bin about full of hulls. At the beginning of the season of 1906 and 1907 he was assigned to the same work and charged with the same duties he had performed during the previous season. November 22, 1906, the bin being about full of hulls, in the discharge of his duty he attempted to close the lids to the conveyor and stop the dropping therefrom of hulls into the bin. To accomplish this, as he often had done before, he climbed on the hulls near the door inside the bin, and, grasping the rafters forming a part of the roof of the building above the bin, endeavored to draw himself up and over the shaft so he could reach and close the lids. His arms giving away with him, as he was falling he put out his foot to catch himself, it struck the shaft, the bolts and nuts projecting therefrom caught his pants, and as a result one of his legs was broken. On the ground that appellant was negligent in operating the shaft spliced and uncovered as it was, appellee recovered the judgment against appellant for $500, from which the appeal is prosecuted.

*After stating the case.*—The sufficiency of the evidence to support the verdict and judgment is the only question presented by the record on this appeal.

We think the testimony was sufficient to support the finding of the jury that appellant was guilty of negligence in using the shaft without first so covering the splice in it as to protect appellee, while exercising due care in the discharge of his duty, from injury by contact with the bolts and nuts projecting from it. There was testimony tending to show that the portion of the building in which the shaft was situated was poorly lighted, and that the splicing and bolts and nuts could not be seen while the shaft was revolving at the rate of speed it was operated in carrying on appellant's business. Under such circumstances, it appearing that appellant had charged appellee with the duty to so regulate the flow of hulls into the bin through the conveyor, by means of the door or slide therein, as to keep the bin about full of hulls, and it further appearing that it had neither provided a way nor directed appellee as to the selection of one for his use in reaching the slide, we

think the jury were authorized to conclude that in the exercise of ordinary care appellant should be held to have contemplated that appellee might fail to discover that the shaft had been spliced, and in the discharge of his duty to close the slide in the conveyor might select a way to reach it which would bring him in contact with the bolts and nuts projecting from the shaft. That the contact with the bolts and nuts resulting in the injury complained of was due entirely to the accident of appellee's arms giving away when he attempted by seizing the rafters to draw his body to the joists, we think would not affect the question. International & G. N. R. R. Co. v. Bayne, 28 Texas Civ. App., 392.

We also are of the opinion that the testimony was sufficient to support the finding that appellee had not assumed the risk of injury from the bolts and nuts, and the further finding that he was not guilty of contributory negligence. It was shown that in operating the mixer the shaft made twenty-five or thirty revolutions a minute. Appellee testified that he knew there was danger in going over the shaft revolving at such a speed. Evidently the danger he referred to was that ordinarily incident to getting in contact with a shaft revolving at such a rate of speed, because it was so revolving, and not because it was spliced and had bolts and nuts projecting from it. For he testified that he did not know the shaft had been spliced, or that bolts and nuts were projecting from it. He accounted for his lack of such knowledge by saying that the bin and its surroundings were poorly lighted, that he had never seen the shaft when it was not revolving, and that when it was revolving the splice and bolts and nuts were not visible. We can not say that the jury were not authorized from such testimony to conclude that appellee did not know and was excusable for not knowing about the condition due to appellant's negligence which rendered contact with the shaft more hazardous than it would have been but for such negligence. Peck v. Peck, 99 Texas, 10. If he did not know of that condition, he should not be held to have assumed risks due to it when he attempted to climb over the shaft. 4 Thompson on Negligence, secs. 4641, 4642; 1 Labatt on Master and Servant, secs. 270-273. For the same reason, even if the testimony was not conflicting as to whether there was another or other ways safer than the one chosen by him, he should not be denied a right to recover because he may not have chosen wisely between ways to reach the slide. If he was excusably ignorant of the fact that the shaft was spliced, in choosing a way to cross over it he should not be held to the duty of taking into consideration the bolts and nuts projecting from it, and therefore to have assumed the risk of injury from them in the event he should get in contact with the shaft. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas., 347; 1 Labatt on Master and Servant, sec. 333. We think reasonable men might well have differed in determining the question as to whether an ordinarily prudent person under the circumstances would have endeavored to reach the slide in the conveyer by climbing over the shaft, or not, and that therefore it can not be said as a matter of law that appellee was guilty of negligence which contributed to cause the injury he suffered. The judgment is affirmed.

*Affirmed.*