Findings of Fact.
On January 8, 1914, appellee Luckett sold through appellees Stampp 
Eichelberger, real estate agents, to appellant 133 1/2 acres of land, in part consideration for which appellant executed his five vendor's *Page 144 
lien notes in the sum of $2,000 each, the first due December 15, 1914, and the others due, respectively, on the 15th day of December thereafter to 1918. He also executed one note for $9,465, due December 15, 1919. Luckett at the same time executed a note to Stampp Eichelberger for $499.12, which showed by indorsement thereon that it was to be paid out of the money collected by Luckett from appellant on the first $2,000 note above referred to. Thereafter Stampp Eichelberger stated to appellant that they could not use the note executed by Luckett to them as collateral, and asked him to take up said note, and execute therefor his note for $506.34, the amount of principal and interest of said $499.12. This appellant did. This is the note involved in this suit.
Before the first $2,000 note above referred to became due, appellant requested of Luckett a 12 months' extension of the same. The extension was granted. Before the expiration of the time thus granted for the payment of the first note, appellant stated to Luckett that he was unable to pay for the land, and proposed to deed the land back to him in consideration of the cancellation of his notes. Luckett accepted this proposition, received a deed from appellant to the land, and returned him his notes. Nothing was said at this time with reference to the payment of the $499.12 note executed by Luckett to Stampp Eichelberger, and at that time owned by appellant.
The court peremptorily instructed a verdict for Luckett, and with reference to the plea of failure of consideration filed by appellant charged the jury as follows:
"And in this connection you are further instructed that, if you should find from the evidence that said note sued upon was executed upon the understanding and agreement between the defendant Hall Etter and the plaintiffs that the defendant Thos. I. Luckett would extend the payment of the said note for the sum of $2,000 held by the defendant Luckett against the defendant Hall Etter, such agreement, if the same is ratified and agreed to by the defendant Luckett, and said note for $2,000 was in fact so extended by the defendant Luckett, said note sued upon would be upon a valid consideration, and if you so find, the plaintiffs will be entitled to recover upon said note."
The jury returned a verdict in favor of the plaintiffs Stampp 
Eichelberger, and against appellant Etter.
 Opinion.
Appellant's first assignment of error is that the court erred in charging the jury peremptorily to return a verdict for Thos. I. Luckett.
It is not error of the court to peremptorily instruct the jury on an issue upon which the evidence is uncontradicted. Bond v. Mallow,17 Tex. 636; Miner v. Bank, 53 Tex. 561; San Antonio v. Lane, 32 Tex. 416; Railway Co. v. Griffith, 20 Tex. Civ. App. 91, 48 S.W. 542; Teal v. Terrell, 58 Tex. 257. On the contrary, it is the better practice so to do. An issue upon which the evidence is undisputed should not be submitted to the jury. Railway Co. v. Harton, 36 Tex. Civ. App. 475,81 S.W. 1236; Hedgepeth v. Robertson, 18 Tex. 872. The undisputed evidence showed that Luckett was not to pay the note executed by him to Stampp Eichelberger unless appellant should pay the first $2,000 note. Appellant never paid this note, and consequently he was not entitled to judgment against Luckett for the amount of the same. It should have been stated in the findings of fact that appellant asked judgment against Luckett in the event judgment was rendered against him on his note to Stampp Eichelberger.
Appellees wanted Luckett to collect the first $2,000 note, so that they could get their money on the note given to them by Luckett. Appellant wanted a 12 months' extension. If Luckett agreed to such extension on condition that appellant would satisfy appellees, and appellant satisfied appellees by giving the note sued on and taking from them the note given by Luckett to them, this was a sufficient consideration for the execution of the note to them. This is the issue which the court submitted to the jury, and upon which they found in favor of appellees. The evidence is sufficient to sustain the verdict. Eichelberger testified that this was the agreement, and that Luckett refused to grant appellant the extension unless he would satisfy appellees, and that the note sued on was given in pursuance of said agreement.
The note given by Luckett to appellees, conditioned on the payment of appellant's first $2,000 note, would have been worth its face value to appellant if he had paid his note to Luckett. It was not the fault of appellees that he did not do so. If he was unable to do so, that was his misfortune. For the reason stated, we overrule appellant's assignment of error as to failure of consideration.
The charge of the court was not upon the weight of the evidence. It was a statement as to what the law was upon certain facts submitted for the consideration of the jury.
Finding no error of record, the judgment of the trial court is affirmed.
 Affirmed. *Page 235