[No. 9604.   Department Two.   January 8, 1912.]

A. B. CAMPBELL, *Respondent*, v. WINSLOW LUMBER
COMPANY, *Appellant*.[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—CONTRIBUTORY NEG-
LIGENCE—COMPLIANCE WITH COMMAND.   Where a servant was told not
to use a ladder until it was made secure, and it was nailed, and later
moved by the foreman and replaced without making it secure, the
servant does not assume the risk and is not guilty of contributory
negligence, as a matter of law, in obeying an order to go down the
ladder, as he had the right to assume that it had been made secure.

APPEAL AND ERROR—REVIEW—HARMLESS ERROR—FACTS OTHERWISE
ESTABLISHED.   It is not prejudicial error to exclude the evidence of
a physician as to the conditions of a fracture at the time of the in-
jury, where he made a physical examination just before the trial
and testified as to its condition at that time, and the excluded evi-
dence would have added nothing material.

`Appeal from a judgment of the superior court for Stevens
county, Carey, J., entered January 7, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for injuries sustained by a carpenter in the fall of a ladder.
Affirmed.

*Jessup & Grinstead*, for appellant.

*Danson & Williams*, *H. A. Rochford*, and *A. E. Barnes*,
for respondent.

CHADWICK, J.—Plaintiff is a carpenter, and at the time
of the injury complained of was employed by the defendant
in assisting in the work of putting its mill in a state of re-
pair.   A part of the work was the institution of some new
live rolls, and in order to work from below, a ladder had been
placed, leading from the lower floor up to and under the
frame upon which the live rolls were placed.   Plaintiff was
working under the direction of a foreman who had, accord-
ing to the testimony of the plaintiff, told him, at the time

[1]Reported in 119 Pac. 832.

the ladder was originally placed and when he was about to use it, that it was dangerous, and that he should not use it until it had been nailed to the floor. This was accordingly done at the time. It may be stated in passing that the weather was very cold, and the lower floor of the mill was damp and covered with frost. The ladder remained in this position and in use for about two weeks, when it was removed by the foreman to another part of the mill. It was thereafter brought back and placed at or near the place it had formerly occupied. Occasion requiring, plaintiff was directed to go to the lower floor for some material. He says he had started for the stairway when the foreman called him and directed him to go down the ladder, it being closer at hand; that he attempted to do so, when the ladder, the bottom of which he could not see, slipped, throwing him to the floor beneath and fracturing his leg. From a judgment in favor of the plaintiff, the defendant has appealed.

It is contended that respondent cannot recover because, the ladder being an instrument of such simple construction, any danger attending its use would be as well within the knowledge of the respondent as of the appellant; that no legal liability would be imposed upon appellant to warn or protect respondent, within that line of cases which we have just followed in *Cole v. Spokane Gas and Fuel Co.*, *ante* p. 393, 119 Pac. 831. This might be held, if the accident had resulted from some defect in the ladder itself. But the testimony takes this case out of that rule. The evidence shows that respondent had been told by the foreman not to use the ladder unless it was made secure. Appellant's foreman nailed the ladder in its first position; so that, when it had been moved and replaced, respondent had a right to assume that it had been made secure in its changed position. These facts carry the case within the rule of *Withiam v. Tenino Stone Quarries*, 48 Wash. 127, 92 Pac. 900, where the text of Labatt, Master & Servant, § 439, was adopted.

We shall not take space to repeat more than the last part of the quotation there employed:

"In other words, if a danger is not so absolute or imminent that injury must almost necessarily result from an obedience to an order, and the servant obeys the order and is injured, the master will not afterwards be allowed to defend himself on the ground that the servant ought not to have obeyed the order."

We think that the questions of contributory negligence and assumption of risk were for the jury.

Two physicians attended respondent after he was injured. He called one of them as a witness. The physician testified as to the character of the injury, and offered an opinion as to its permanency. Among other things, he said that, aside from the fracture, there was a severe laceration of the ligaments. Appellant called the other physician and sought to show by him that there was no laceration of the tendons; that the injury was what is known as a Pott's fracture from which permanent injuries are less likely to occur than if complicated by lacerated tendons. It is contended that respondent, by putting one physician on the stand, waived his privilege to object to the other being heard. We do not find it necessary to pass upon this disputed question in the law; for, granting that the testimony was improperly excluded, we think no prejudice sufficient to warrant a new trial could have occurred. The physician whose testimony was rejected had examined respondent the day before, and was allowed to testify fully as to the then condition of respondent's ankle. He found it to be in "fair condition." "It has a little anchylosis; a little stiff; otherwise he has got a good ankle." He found no swelling or enlargement. He also testified that a Pott's fracture would necessarily cause a stiffening (anchylosis), and that use of the limb soon after the fracture would tend to increase that condition. This testimony fairly negatives the testimony and opinion of the first physician, for we may assume that, if

there had been any evidence of lacerated tendons, it would have been evident at the time the examination was made. The fact that, in the judgment of the second physician, the defendant had a good ankle save a slight stiffness, is in its resultant force all that appellant could have shown had the doctor been examined as to the appearance of the member immediately after the injury.

Finding no reversible error, the judgment is affirmed.

CROW and ELLIS, JJ., concur.

DUNBAR, C. J. (concurring)—While I have no fault to find with the doctrine announced by Judge Chadwick, I think it conclusively appears for another reason that the action of the court in regard to the rejection of testimony was without prejudice. It is not contended by the appellant that the verdict was excessive. In fact, it was candidly announced by the attorney for the appellant in his argument that no question was raised as to the excessiveness of the verdict. That being true, the testimony offered was entirely without materiality, and therefore its rejection was without prejudice.

I therefore concur in the result.