[No. 14988.   Department One.   January 6, 1919.]

P. P. HAINES, *Respondent*, v. COASTWISE STEAMSHIP &
BARGE COMPANY, *Appellant*.[1]

MASTER AND SERVANT (98, 99)—ASSUMPTION OF RISKS — OBVIOUS
DANGERS—SIMPLE APPLIANCES.  A seaman on a vessel, directed to use
steps of simple construction such as are used on all American ves-
sels, with which he was familiar, assumes the risks from the fact
that they were out of position and unfastened, where that condition
was open and obvious even to the most heedless.

TRIAL (64) — DIRECTION OF VERDICT — OBJECTIONS — SUFFICIENCY.
Where one of plaintiff's causes of action failed, the supreme court
cannot say that the trial court erred in denying general motions
for a directed verdict and for verdict *non obstante*, directed to the
entire case and both causes of action.

MASTER AND SERVANT (35, 167)—INJURY TO SERVANT—NEGLIGENCE
—CUSTOMARY APPLIANCES—INSTRUCTIONS.  In an action for personal
injuries sustained by a cook on a vessel in using simple steps in
common use, the defendant is entitled to instructions as to the
simplicity of the device, and that an employer using apparatus
which is in common and ordinary use in the same line of business
is not liable for an accident which might have been prevented by
the use of different apparatus.

SAME (159)—INJURIES TO SERVANT—CAUSE OF INJURY—QUESTION
FOR JURY.  In an action by an injured seaman, his testimony that
he requested to be put ashore at the nearest port, and evidence that
his injury was aggravated by a continuance of the voyage, makes a
question for the jury upon such issue, even though the evidence
was meager and contradicted.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered March 30, 1918, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for personal injuries sustained by an
employee on a vessel.  Reversed.

*Trefethen & Findley*, for appellant.
*Silvain & Butler*, for respondent.

[1]Reported in 177 Pac. 648.

TOLMAN, J.—This is an action for personal injuries, based upon two causes of action, the first, that the injuries complained of were caused by the negligence of the appellant; and second, that, after the injuries were received by the respondent, the appellant wilfully and negligently refused to put its vessel into the nearest port, or any port short of the end of the voyage, for the purpose of procuring medical and surgical attention for the respondent, whereby the effects of the injury were augmented and increased. Trial was had to a jury, which returned a verdict in respondent's favor, upon which judgment was entered, and from which this appeal is prosecuted.

The facts necessary to be considered are substantially as follows: The respondent was employed on July 28, 1917, to serve as cook aboard the barge "General Fairchild," then lying at Valdez, Alaska. He acted in that capacity for some nineteen days, when he was directed to perform the duties of wheelman, or helmsman. On August 16 following, the barge left Valdez, south-bound, in tow of a tug, and about August 30, when a day and a half out from Ketchikan, the accident which gave rise to this action occurred. At that time the respondent was standing with the captain of the barge near the starboard or right-hand rail of the barge, on the main deck, and a question arose as to the amount of water remaining in the barrels used for the storage of water on the poop deck. The poop deck was at the stern of the barge, raised above the main deck about three and one-half feet, and was reached from the main deck by two sets of steps or ladders, one on the starboard side and one on the port side of the barge. These steps or ladders were each placed in a leaning position against the poop deck so that the tops were flush therewith, and the bottoms

were secured in place, so as to prevent slipping, by cleats nailed to the main deck. Behind each set of steps was a cubby-hole used for storage, and, in order to open the door to either cubby-hole, it was necessary to put the steps in front of it to one side so that the bottom of the steps was no longer held in position by the cleats above referred to, all of which was open and obvious and as well known to the respondent as to any one on board the barge. Respondent, for at least nineteen days while he acted as cook, had frequently pushed aside the steps on the port side and opened the cubby-hole door for the purpose of obtaining fire wood from the cubby-hole, and had often observed other members of the crew doing the same thing. A few moments before the accident, the respondent had seen another member of the crew enter the cubby-hole on the port side by moving aside the steps in the usual manner, and it appears that this man had left open the cubby-hole door, which was about three and a half feet square, and had failed to replace the steps in their usual position and within the support of the cleats maintained for that purpose. The time was between four and five p. m. on a bright August day, and it is not claimed, or even intimated, that there was anything to prevent respondent from observing the position of the steps at a casual glance. Under these conditions, the captain directed the respondent to go upon the poop deck and ascertain the amount of water remaining in the barrels, and thereupon respondent crossed over to the port side of the barge and started to ascend the steps and, as he testifies: "When I got up three or four steps the bottom slipped out and my leg got caught in the steps and broke it."

On the second cause of action, respondent testified that, immediately after the accident, he requested to

be taken to the nearest port for medical attention, although he does not appear to have repeated this request nor in any way have denied the evidence introduced tending to show that he was brought on to Tacoma at his own request, or at least by his consent. There was also some evidence from which the jury might have found that the respondent's pain was increased and prolonged and his recovery somewhat delayed by his being brought to the end of the voyage with no attention except the rude surgery administered by the captain of the barge. But we find no evidence which would warrant the jury in concluding that any permanent ill effect followed therefrom.

Respondent relies upon *Norman v. Alaska Coast Co.*, 81 Wash. 64, 142 Pac. 434, *Campbell v. Winslow Lumber Co.*, 66 Wash. 507, 119 Pac. 832, *Shaughnessy v. Northland Steamship Co.*, 94 Wash. 325, 162 Pac. 546, Ann. Cas. 1918B 655, and like cases, to sustain the judgment. But after a painstaking examination of the testimony, we are unable to find any evidence as to the first cause of action sufficient to take it to the jury within the rule of these cases, or any rule recognized by this court, because, by respondent's own evidence, it appears that he knew as much about the steps and the manner of fixing them in position as any one, the fact that they were out of position and unfastened was open and obvious, and the open door of the cubby-hole was enough in itself to attract the attention of one, even the most heedless, who knew, as did respondent, by actual experience that the door could not be opened while the steps were in position. In addition, the steps were of simple construction, were such as were used on all vessels of American type, and, so far as the evidence shows, they were perfectly true to type, containing no defect, either hidden

or open. Taking that view of all of this evidence which is most favorable to the respondent, it must be apparent that reasonable minds could not honestly differ in the conclusion to be drawn therefrom, and that no negligence can thereby be imputed to the appellant; but, on the contrary, the respondent must be held to have assumed the risk.

The appellant interposed a motion for nonsuit at the close of the respondent's case, at the close of all of the testimony made a motion for a directed verdict, and after verdict made a motion for judgment *non obstante veredicto*. Had these motions, or any of them, been segregated as to the causes of action, so that we could find from the record that the appellant had requested the trial court to take from the consideration of the jury the first cause of action, we could readily take the position that such motion should have been granted and act accordingly. But as the motions were each general in their nature, referring to plaintiff's entire case on both causes of action, we cannot now say that the court erred in the denial of either of them.

Not so, however, with the instructions requested by appellant. It clearly appears that the steps in question were identical in every way with similar steps on every vessel of American type, and no vessel of any type is shown to have adopted or used better or safer methods of fastening such steps in place. Applicable to this situation, appellant requested the following instruction:

"An employer who uses apparatus which is in common and ordinary use in the line of business in which he is engaged, cannot be held liable for an accident which might have been prevented by the use of different apparatus."

This instruction substantially states the law as laid down by this court in *Griffith v. Washington Water Power Co.*, 102 Wash. 78, 172 Pac. 822, and the cases therein cited, and some such instruction should have been given.

Appellant also requested an instruction upon the simplicity of the appliance, which was in accordance with the well established rule of law applicable in this state, and this instruction should also have been given.

The only question in the entire case which, under the evidence, should have been submitted to the jury was whether the failure to stop at some intermediate port for medical attention was due to the neglect of the appellant or was at the request or with the consent of the respondent, and, if the former, was respondent's pain and suffering thereby increased or prolonged, and was his recovery thereby retarded? As hereinbefore indicated, the evidence of respondent touching these questions was decidedly meager, and the jury might well have found against him thereon; but since the respondent himself testified that he made the request to be put ashore at the nearest port, we cannot invade the province of the jury for the purpose of making a finding of fact upon these questions.

The judgment appealed from will be reversed, and the cause remanded with instructions to grant a new trial.

MAIN, C. J., CHADWICK, MITCHELL, and MACKINTOSH, JJ., concur.